J. E. DOUGAN, Appellee, v. ORA C. MITCHELL and L. MITCHELL, Appellants.

**Landlord and tenant:** ACTION FOR RENT: FRAUD OF LESSOR: EVIDENCE. The evidence in an action to recover on a promissory note given as rent of premises is held sufficient to take the issue of false representations concerning the character of the premises, which induced the making of the note, to the jury; and also to require submission of defendant's counter-claim on account thereof.

*Appeal from Hamilton District Court.—* HON. J. H. RICHARD, Judge.

THURSDAY, MARCH 19, 1908.

ACTION at law upon a promissory note. Defendants pleaded failure of consideration and damages for false and fraudulent representations made by plaintiff with reference to the condition of certain lands leased to defendants. Trial to a jury, directed verdict for plaintiff, and defendants appeal.— *Reversed.*

*Wesley Martin,* for appellants.

*G. D. Thompson,* for appellee.

Deemer, J.— The note in suit was given for the rent of certain premises leased by plaintiff to the defendants. Defendants pleaded that as an inducement to the lease plaintiff falsely and fraudulently represented that the lands were well tiled and that the tile had a good and sufficient outlet. This was pleaded as a partial failure of the consideration for the note, and was also relied upon as counterclaim for damages. At the conclusion of defendant's evidence, plaintiff moved for a verdict upon the ground that there was not sufficient evidence to sustain either the affirmative defense or the counterclaim. This motion was sustained, and the appeal is from this ruling.

The question presented is a very narrow one, and that is: Was there sufficient testimony to take the case to the jury upon the issues presented by defendant's answer? There was testimony tending to show that plaintiff stated to defendants, or to one or both of them, during the negotiations for the lease, that the farm was well tiled; that there was a twelve-inch tile running up through pretty near to the highway; that the tile was all right, although the outlet was not very good, but that he would fix it by opening up the ditch, digging it deeper, and making a better outlet; that he also said the outlet was all right, and, although some of the lateral tiles were then disconnected, they would all be fixed up. There was also testimony to the effect that plaintiff said the outlet or tile was not stopped up, although not very good. There was also testimony to the effect that the tile was not as represented; that an arch had been built over the outlet, which had caved in, thus shutting off the entire outlet; and that plaintiff knew of that fact when he made the representations to defendants, and that damages resulted to defendants because of the condition of the tile and drain. True, one of defendants was upon the premises prior to the making of the lease; but he did not examine the entire drainage sys-

tem, nor did he go to the outlet, for the reason, as he says, that he relied upon plaintiff's statements about it. Plaintiff admitted, according to the testimony, that he knew the arch had fallen in when he made the lease, and when- questioned about it afterward said, " I misrepresented, or I forgot about. it "; and it is also in the record that he said to one of the defendants, after possession of the farm had been taken, " You go ahead and do the best you can, and I will make it all right." There was enough testimony here, although most, if not all, of it was denied, to take the case to the jury, and the trial court was in error in directing a verdict for plaintiff.— *Reversed.*